If the precedents are understood, the averment complies with the requirements of the statute defining the offense, as shown by the decisions of this court, many of which are collated in Branch's Ann. Tex. P. C. p. 1271, § 2324, among which are the following: Wilson v. State (Tex. Cr. App.) 42 S. W. 290; Price v. State (Tex. Cr. App.) 58 S. W. 83. See, also, form of indictment in Branch's Ann. Tex. P. C. p. 1271, § 2322; also Willson's Criminal Forms (4th Ed.) p. 315, Form No. 624.

The judgment is affirmed.

## TATUM v. STATE.
### No. 14896.

Court of Criminal Appeals of Texas.
Nov. 18, 1931.

## CATHAY v. STATE.
### No. 14543.

Court of Criminal Appeals of Texas.
Nov. 25, 1931.

E. B. Simmons and W. S. Anthony, both of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

■ The indictment is regular and regularly presented. The statement of facts cannot be considered for the reason that it was filed more than ninety days after notice of appeal was entered. Neither can the record be reviewed on bills of exception, as they were likewise filed more than ninety days after notice of appeal was entered. The court allowed ninety days after notice of appeal, which was the limit authorized by statute. Article 760, C. C. P. 1925.

No error authorizing a review has been presented.

The judgment is affirmed.